IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KERI VALDEZ,

        Plaintiff,

v.                                                                                          No. CIV 04-1414 ACT

JO ANNE B. BARNHART,
Commissioner of Social Security

        Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>OF DISMISSAL, WITHOUT PREJUDICE</u>**

        THIS MATTER is before the Court on *pro se* Plaintiff Keri Valdez's Motion to Reverse or Remand Administrative Agency Decision, filed October 6, 2005 [Doc. No. 18.] An examination of the pleading does not indicate that Plaintiff served her Motion on Defendant, as required by the pertinent rules. However, the Court finds that it may resolve this matter without the need for any further briefing.

        On December 22, 2004, Plaintiff filed her social security complaint. [Doc. No. 1.] On May 18, 2005, the Court entered an Order setting the briefing schedule in this matter. Plaintiff was to file her opening brief by July 18, 2005. [Doc. No. 14.] Plaintiff did not file an opening brief by July 18, 2005, nor did she request an extension of time in which to file the brief. Local Rule 41.1 provides for dismissal of a civil action if, for a period of ninety (90) days, no steps are taken to move the case forward. D.N.M. LR-Civ 41.1

Thus, the Court issued its September 2, 2005 Order advising Plaintiff that if she did not show good cause for her failure to file her opening brief within thirty (30) days of the September 2nd Order, the case would be dismissed. On October 6, 2005, Plaintiff filed the present pleading that consists of a single short paragraph and attachments of two letters from medical personnel and four letters from Plaintiff's family and friends. [Doc. No. 18.] The pleading reads more like a complaint of disability discrimination against her employer than support for her social security complaint. Moreover, in the October 6 pleading, Plaintiff provides no response as to why she did not file her opening brief on time and no showing of good cause for retaining this matter on the Court's docket.

Even if Plaintiff's brief and attached letters constituted good cause to permit the untimely filing, it is deficient as a matter of law. On an appeal of the Commissioner's denial of a request for social security benefits, the Court considers whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a mere scintilla, but it need not be a preponderance. Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992); Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). The Court's review of the Commissioner's determination is limited. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1497 (10th Cir. 1992). The Court's function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision and whether the correct legal standards were applied. Id. at 1497-98.

Here, Plaintiff neither discusses nor mentions the Administrative Law Judge's ("ALJ's") decision denying her request for benefits. In other words, Plaintiff did not identify what parts of the

ALJ's decision allegedly were not supported by substantial evidence or what alleged errors the ALJ committed in denying benefits. Plaintiff's short paragraph discussing her diagnosis of supra-ventricular tachycardia, her dismissal from work for health-related reasons and her attached letters showing that friends and family help Plaintiff with various activities is simply inadequate for the Court to make its evaluation.

Therefore, the Court will dismiss Plaintiff's Complaint [Doc. No. 1], without prejudice, on grounds of untimeliness and for failure to state any grounds upon which the decision of the Commissioner should not be upheld.

IT IS SO ORDERED.

Alan C. Torgerson
United States Magistrate Judge
(sitting by designation)